IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLINT E. ROBEL, | ) |
| *Plaintiff*, | ) No. 3:24-cv-00190 |
| v. | ) District Judge Stephanie L. Haines |
| ALEJANDRO N. MAYORKAS, *Secretary of Homeland Security*, | ) |
| *Defendant*. | ) |

## MEMORANDUM OPINION

### A. Procedural History

Plaintiff Clint Robel ("Plaintiff") initiated this *pro se* civil rights action on August 9, 2024 (ECF No. 1). A summons was issued on August 19, 2025 (ECF No. 3), but Defendant Mayorkas never entered an appearance. After more than a year passed without any movement in the case, an Order to Show Cause was issued on November 10, 2025 (ECF No. 6). The Order noted the posture of inactivity of the case. Plaintiff was directed to respond to the Court's Order by November 24, 2025, or risk dismissal for failure to prosecute. That Order was sent to Plaintiff's last known address of record and was presumably received by Plaintiff. As of today, there has been no correspondence to the Court from Plaintiff.

### B. Standard

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim, and, under this Rule, "a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, No. 15-3090, 642 F. App'x 100, 102 (3d Cir. 2016) (*per curiam*) (citing Fed. R. Civ. P. 41(b)); *see also Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d

Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b).")

The Third Circuit Court of Appeals has stated that "a district court dismissing a case *sua sponte* 'should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.'" *Qadr v. Overmyer*, No. 15-3090, 642 F. App'x 100 at 103 (quoting *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008)). Before engaging in a *sua sponte* dismissal, "the district court 'should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders.'" *Id.* (quoting *Briscoe*, 538 F.3d at 258).

In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted). In balancing the *Poulis* factors, no single factor is dispositive, nor do all factors need to be satisfied to result in dismissal of the complaint. *See Briscoe*, 538 F.3d at 263. However, in determining whether a dismissal is warranted, the Court must analyze the factors in light of the "strong policy favoring decisions on the merits." *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019). The Third Circuit has emphasized that "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court," and that they "must be a sanction of last, not first, resort." *Poulis*, 747 F.2d at 867-68, 869 (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). "Cases should be

decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand*, 923 F.3d at 132.

### C. Application of the *Poulis* Factors

#### 1. The extent of the party's personal responsibility.

"[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal." *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994). In determining personal responsibility for the delay, the Court must distinguish "between a party's responsibility for delay and counsel's responsibility." *Hildebrand*, 923 F.3d at 133 (citing *Poulis*, 747 F.2d at 868). A plaintiff is not conjecturally responsible for her counsel's delay. *See id*. Any doubt as to personal responsibility should be resolved "'in favor of reaching a decision on the merits.'" *Id*. at 138 (quoting *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002)).

Plaintiff is proceeding *pro se*, so it is his responsibility to comply with orders and to vigorously pursue his case. Thus, this factor weighs in favor of dismissal.

#### 2. Prejudice to the adversary.

Prejudice to the adversary is a substantial factor in the *Poulis* analysis; but like any other factor, it is not dispositive. *See Hildebrand*, 923 F.3d. at 134. "Relevant examples of prejudice include 'the irretrievable loss of evidence[] [and] the inevitable dimming of witnesses' memories.'" *Id*. (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). A party is not required "to show 'irremediable' harm for [this factor] to weigh in favor of dismissal." *Id*. (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). If the opposition is unable to prepare "a full and complete trial strategy" then there is sufficient prejudice to favor dismissal. *Id*. (citation omitted).

Here, the ability to gather facts and documents to defend this case will diminish with the passage of time. Therefore, Defendants could suffer prejudice if the case were not to proceed in a timely manner. Thus, this factor weighs marginally in favor of dismissal.

3. **A history of dilatoriness.**

A history of dilatoriness is generally established by repeated "delay or delinquency." *Adams*, 29 F.3d at 874. While once or twice is normally insufficient, this factor weighs in favor of dismissal where the plaintiff has a history of repeated delay. *See Hildebrand*, 923 F.3d at 135 (citation omitted). In addition to repeated acts, "extensive" delay can also create a history of dilatoriness. *Adams*, 29 F.3d at 874. A "failure to prosecute" does not require that plaintiff take affirmative "steps to delay the trial ... It is quite sufficient if [he/she] does nothing ... ." *Id*. at 875 (citation omitted).

"While extensive delay may weigh in favor of dismissal, 'a party's problematic acts must be evaluated in light of its behavior over the life of the case.'" *Hildebrand*, 923 F.3d at 135 (quoting *Adams*, 29 F.3d at 875). Thus, where a plaintiff has not been previously delinquent the weight given to even a long delay should be mitigated. *See id*.

Plaintiff never acted in any way to pursue this case. This is sufficient evidence, in the Court's view, to indicate that Plaintiff no longer desires to proceed with this action. Thus, this factor weighs in favor of dismissal.

4. **Whether the party's conduct was willful or in bad faith.**

In determining if plaintiff's conduct constituted willful or bad faith, the "court should look for 'the type of willful or contumacious behavior' that can be characterized as 'flagrant bad faith,' such as [a case history of] failing to answer interrogatories for nearly a year and a half, demanding numerous extensions, ignoring admonitions by the court, and making false promises to correct

delays." *Id.* (citing *Scarborough*, 747 F.2d at 875 (citation omitted)). "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Although "[a] lengthy delay reflects 'inexcusable negligent behavior,' *id.* at 876, . . . that behavior alone does not rise to the level of willfulness or bad faith." *Hildebrand*, 923 F.3d at 135.

Finally, "[b]ecause the harsh sanction of dismissal should serve to deter bad faith or self-serving behavior, and because of our policy of favoring decisions on the merits, [in the absence of evidence] that the delay was not effectuated willfully or in bad faith, [this factor] should weigh against dismissal." *Id.* at 136.

There is no indication on this record that Plaintiff's failure to file a motion to reopen or to update his address was the result of any excusable neglect. Therefore, this factor weighs in favor of dismissal.

5. **Effectiveness of sanctions other than dismissal.**

A district court must thoroughly consider "alternative sanctions before dismissing a case with prejudice." *Id.* (citing *Briscoe*, 538 F.3d at 262). The court should also provide an analysis of effectiveness sufficient "to honor [the] longstanding tradition of favoring decisions on the merits." *Id.* In so doing, the court should be mindful that "[a]lternatives are particularly appropriate when the plaintiff has not personally contributed to the delinquency." *Poulis*, 747 F.2d at 866 (citations omitted). "[A]lternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." *Hildebrand*, 923 F.3d at 136. They are not required to be "completely ameliorative." *Id.*

Given the Plaintiff's complete abandonment of the case, it is unlikely that any sanction imposing costs or fees upon him would be effective. Therefore, the Court can see no alternative sanction that would be appropriate other than dismissal.

6. **<u>Meritoriousness of claim or defense.</u>**

"The standard for determining whether a plaintiff's claims are meritorious 'is moderate.'" *Adams*, 29 F.3d at 876. The standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim, and not a summary judgment standard, is applicable in a *Poulis* analysis. *See id.* at 869-70.

The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." (<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 213 (3d Cir. 2009) (citation omitted)]; *see also* <u>Covington v. Int'l Ass'n of Approved Basketball Officials</u>, 710 F.3d 114, 117-18, (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

When considering *pro se* pleadings, a court must employ less stringent standards than when judging the work product of an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

Plaintiff alleges that he was discriminated against under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 when two positions were filled at the "Pittsburgh, PA Field office" by circumventing transfer practices that were in place at the time. ECF No. 1, p. 4. He states these positions were filled with candidates under the age of 40. *See id*. Plaintiff filed an Equal Employment Opportunity Commission complaint, but stated the investigation was never completed. *See id*.

Given the unfinished state of the allegations it is not possible for the Court to determine the merits of Plaintiff's case. As such, this factor weighs neutral. Since the majority of the <u>*Poulis*</u> factors weigh in favor of dismissal, the Court will dismiss this action for Plaintiff's failure to prosecute. An appropriate Order follows.

## **ORDER**

AND NOW, this 1st day of December, 2025, IT IS HEREBY ORDERED that this case is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

                                                    Stephanie L. Haines
                                                    United States District Judge

cc:    Clint E. Robel
        115 Debra Ln.
        Johnstown, PA 15905
        Pro Se.